# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1038V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *   *
                                                   *
ROBERT WOODMAN,                                    *
                                                   *
                          Petitioner,              *   Special Master Katherine E. Oler
                                                   *
v.                                                 *   Filed: October 25, 2019
                                                   *
SECRETARY OF HEALTH AND                            *
HUMAN SERVICES,                                    *   Petitioner's Motion for a Decision;
                                                   *   Dismissal of Petition; Vaccine Act.
                          Respondent.              *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.
*Robert P. Coleman III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On July 17, 2018, Robert Woodman ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered an exacerbation of pain in his left shoulder and other related injuries as a result of the pneumococcal (Prevnar-13) vaccination he received on May 30, 2017. Pet. at 1-2, ECF No. 1. Petitioner filed his statement of completion on September 11, 2018. ECF No. 11.

On August 5, 2019, Respondent filed a Rule 4(c) Report. Resp't's Rep., ECF No. 16. Respondent stated that "Petitioner is not entitled to compensation under the Vaccine Act because he has not met his burden of proof." *Id*. at 4. Respondent concluded that "[P]etitioner has failed

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

to proffer sufficient evidence to meet his burden [and] his petition for vaccine compensation should be dismissed." Resp't's Rep. at 8.

I then gave Petitioner an initial deadline of September 13, 2019 to file a status report indicating how he wished to proceed in light of Respondent's Report. *See* 8/12/2019 Non-PDF Scheduling Order. That deadline was extended twice and on October 15, 2019, Petitioner filed a status report indicating his intent to file the instant motion to dismiss. ECF No. 21.

Petitioner filed a motion to dismiss his claim on October 22, 2019, indicating that "an investigation of the facts and science supporting this case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot., ECF No. 22.[3]

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Petitioner filed his motion as a voluntary dismissal pursuant to Rule 21(a) in CM/ECF, however, judgment does not enter following such a dismissal. I note that Petitioner's motion requests that judgment enter, therefore I will consider his motion a standard motion for a decision dismissing the petition.